[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13422
Non-Argument Calendar

_____

BIA No. A97-391-640

YAN HUA JIANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 1, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Yan Hua Jiang, through counsel, seeks review of the Board of Immigration Appeal's ("BIA's") opinion affirming the Immigration Judge's ("IJ's") denial of asylum and withholding of removal.[1]

On appeal, Jiang argues that corrupt local officials demanded monetary payments from her and her father "on the construction site of the [Buddhist] temple [they were building], that is, while [she was] practicing her religious belief." She contends that her claim is based upon religious and political opinion, personal and imputed. She argues that her imputed political opinion arose from the assault and incarceration of her father, because the government officials said that it was the result of his illegal gatherings and superstitious meetings. She argues that her personal claim of religious persecution arose from participating in fund-raising for the Buddhist temple. She also claims that her opposition to governmental corruption constituted a political opinion. She notes the local officials' claimed motivation – that her father was engaging in illegal construction – is belied by the fact that their monetary demands were higher than what would be imposed for building without a permit. Therefore, she contends that the demands must have been motivated by either extortion or as punishment for the alleged illegal

---

[1] Jiang does not challenge the BIA's affirmance of the IJ's order denying her application for United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment relief. Therefore, that issue is deemed abandoned. Sepulveda v. U. S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

gatherings and superstitious meetings. Thus, she argues that the persecution was motivated, at least in part, by her belief in Buddhism.

Where the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). Here the BIA issued a decision, relying upon much of the IJ's decision. We will review the BIA's decision and the IJ's decision to the extent that the BIA relied upon its reasoning.

To the extent that the BIA's decision was based on a legal determination, our review is de novo. Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). The IJ's factual determinations are reviewed under the substantial evidence test, and "we will affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." De Santamaria v. U.S. Att'y Gen., 512 F.3d 1308, 1315 (11th Cir. 2008) (internal quotation and citation omitted). We will not reverse the BIA unless the record compels a contrary conclusion. Id.

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). To be eligible for asylum,

3

the applicant must prove that he is a "refugee" within the meaning of the INA.

INA § 208(b)(1)(A); 8 U.S.C. § 1158(b)(1)(A).  A refugee is defined as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A).  To establish refugee status, the

applicant must show, with specific and credible evidence, either past persecution or

a "well-founded fear" of future persecution on account of race, religion,

nationality, membership in a particular social group, or political opinion.  8 C.F.R.

§ 208.13(b); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1232 (11th Cir.

2007).  "[A]n applicant can establish eligibility for asylum as long as he can show

that the persecution is, at least in part, motivated by a protected ground."  Sanchez

Jimenez, 492 F.3d at 1232 (internal quotation and citation omitted).

Persecution is not defined by the INA or the federal regulations, but "we

have often repeated that persecution is an extreme concept, requiring more than a

few isolated incidents of verbal harassment or intimidation, and that mere

harassment does not amount to persecution."  Id.  "In assessing past persecution we

4

are required to consider the cumulative impact of the mistreatment the petitioners suffered." Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1258 (11th Cir. 2007).

If an applicant fails to establish past persecution, she can prove eligibility for asylum by showing (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground. 8 C.F.R. § 208.13(b)(2)(I); De Santamaria, 512 F.3d at 1316. The subjective component can be satisfied by the applicant's credible testimony that she genuinely fears persecution. De Santamaria, 512 F.3d at 1316. The objective prong can be satisfied by establishing that the applicant has a good reason to fear future persecution. Id.

Persecution on account of political opinion requires that the persecution be based upon the political opinion of the victim, not the political opinion of the persecutor. See Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437-438 (11th Cir. 2004). "An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a 'well founded fear' of political persecution within the meaning of the INA." Al Najjar, 257 F.3d at 1289 (citations omitted). The applicant must present specific facts showing that she has a good reason to fear that she will be singled out for persecution on account of such an opinion. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006). When asserting a religious persecution claim, the applicant must demonstrate that "persecution was on

5

account of [religion]," which includes imputed religious beliefs. <u>Mezvrishvili v. U.S. Att'y Gen.</u>, 467 F.3d 1292, 1296 (11th Cir. 2006). The alien does not need to prove that he or she would be singled out for persecution if (1) there is a pattern or practice of persecution against similarly situated individuals and (2) his or her inclusion within that group of individuals makes fear of persecution reasonable. 8 C.F.R. 208.13(b)(2)(C)(iii). Evidence that the applicant has been the victim of "acts of private violence" or "criminal activity" is not evidence of persecution based upon a protected ground. <u>Ruiz</u>, 440 F.3d at 1258.

Along with seeking asylum, the alien may seek withholding of removal. <u>See</u> INA § 241, 8 U.S.C. § 1231(b)(3). One significant difference between proving asylum eligibility and withholding of removal entitlement is that to merit the latter, the alien must prove that future persecution would occur "more likely than not." <u>See</u> <u>Mendoza v. U.S. Att'y Gen.</u>, 327 F.3d 1283, 1287 (11th Cir. 2003). Because the more-likely-than-not standard that applies to withholding of removal is more stringent than the well-founded-fear standard that applies to asylum, ineligibility for asylum generally precludes withholding of removal eligibility. <u>Al Najjar</u>, 257 F.3d at 1292-93.

The IJ's credibility determinations are reviewed under a substantial evidence standard and will only be reversed if the record compels a reasonable fact finder to find otherwise. <u>Chen</u>, 463 F.3d at 1230-31. The IJ must make "clean

6

determinations of credibility." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

Substantial evidence supports the BIA's decision that Jiang was not eligible for asylum or entitled to withholding of removal under the INA. An examination of the record does not demonstrate any specific, detailed evidence regarding any past persecution or a well-founded fear of future persecution that would compel reversal.

As an initial matter, Jiang has not suffered past persecution. Jiang was never physically harmed. While threats and violence directed at another may be considered persecution if concomitantly threatening the petitioner, the incidents in this case do not constitute persecution of Jiang. See De Santamaria, 512 F.3d at 1318. Jiang was present for two site visits by the local officials, but the primary purpose of these visits was to elicit money from Jiang's father. The situation is unlike that in De Santamaria, where the petitioner was being persecuted for her political activities and her groundskeeper was murdered for not revealing her whereabouts after she went into hiding. 512 F.3d at 1318. The isolated threats of forcing her to make the payments from the fund-raising pool do not compel reversal of the BIA's decision. See Sanchez Jimenez, 492 F.3d at 1232 (noting that isolated harassment or intimidation does not amount to persecution).

7

Nor does Jiang offer any compelling evidence of a well-founded fear of future persecution based upon a protected ground. She admits that the situation amounted to extortion, noting that the local government was corrupt. Moreover, her claim of a well-founded fear of persecution is based primarily upon religion. The evidence in the record reveals that Buddhism is a recognized religion in China, the majority of her fellow villagers practice Buddhism, and there is no evidence that the local officials tried to impede her ability to practice Buddhism. Her political opinion claim is difficult to decipher, apparently resting on information she received after arriving in the United States that the local government believed that she and her father were engaged in anti-Communist meetings. However, the only evidence is her assertion that this was the motivation for the local officials. Even though she testified that the officials believed Jiang and her father had anti-Communists sentiments, this evidence is not so strong as to compel a finding of politically-based persecution. She admits that the money requests might have been motivated by extortion as opposed to illegal gatherings. Finally, the IJ specifically noted, despite Jiang's argument to the contrary, that any harm only need be motivated in part by a protected ground. Thus, her claim that the IJ and BIA ignored the mixed motive standard is incorrect.

Substantial evidence supports the conclusion that the requests for money and subsequent beating of Jiang's father were the result of extortion by corrupt officials

8

and not based upon a protected ground. Ruiz, 440 F.3d at 1258 (holding that "acts of private violence" or "criminal activity" is not evidence of persecution based upon a protected ground). Jiang failed to establish either past persecution or a well-founded fear of future persecution, making her ineligible for asylum. Because eligibility for asylum carries a lower burden of proof than for withholding of removal, that claim also fails. See Al Najjar, 257 F.3d at 1293.

**PETITION DENIED.**